1 | Shanon J. Slack (State Bar No. 316581)
2 | E-Mail: Slack@Slacklawgroup.com
  | **SLACK LAW GROUP APC**
3 | 2030 Main Street, Suite 1300
4 | Irvine, California 92614
  | Telephone: (213) 332-3721
5 |
6 | *Counsel for Plaintiff*
  | *Robert Panlilio*
7 |
8 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PANLILIO, | CASE NO.: 2:23-cv-00689 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | **1. BREACH OF CONTRACT**<br>**2. CONVERSION**<br>**3. UNJUST ENRICHMENT** |
| EDWARD YOUNG HAN, and THREE CUPS YARD REAL ESTATE, LLC, | **4. NEGLIGENT MISREPRESENTATION**<br>**5. FRAUDULENT MISREPRESENTATION** |
| Defendants. | **6. FRAUD IN THE INDUCEMENT**<br>**7. FRAUD**<br>**8. PROMISSORY ESTOPPEL**<br>**9. COMMON COUNTS- MONEY HAD AND RECEIVED** |
| | **DEMAND FOR JURY TRIAL** |
| | <u>Status Conference</u><br>Date: [To Be Set]<br>Time:<br>Place: |

**1**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Robert Panlilio ("Panlilio" or "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant Edward Han ("Han") and Defendant Three Cups Yard Real Estate, LLC (collectively "Defendants") and as grounds for suit, respectfully submits as follows:

## PARTIES

1. Plaintiff Robert Panlilio, an individual, is a resident of Los Angeles, California.

2. Defendant Three Cups Yard Real Estate, LLC ("TCY") is a limited liability company organized under the laws of the State of Nevada. TCY purports to purchase, rehabilitate, and sell residential homes. The principal place of business of TCY is at 8965 S Eastern Ave., STE 382, Las Vegas, Nevada 89123.

3. Defendant Edward Han, an individual, is a resident of Las Vegas, Nevada and, upon information and belief, is the sole founder, managing member, and operator of TCY.

4. At all times herein mentioned, each of the Defendants hereinabove was the agent, servant, employee, partner, alter ego, aider and abettor, co-conspirator and/or joint venturers of each of the remaining Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture. Each Defendant has ratified and approved the acts of each of the remaining Defendants.

5. All conditions precedent to the institution of this action have been performed, have occurred, or otherwise have been waived

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity between Panlilio and Han and TCY (collectively the "Parties") and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is proper in this District under 28 U.S.C §1391(b)(2).

8. This Court has personal jurisdiction over Han because Han has sufficient contacts with this District, and a substantial part of the events and omissions giving rise to the claims asserted in this Complaint occurred within this District.

9. This Court has personal jurisdiction over TCY because TCY has sufficient contracts with this District, and a substantial part of the events and omissions giving rise to the claims asserted in this Complaint occurred within this District.

## FACTUAL ALLEGATIONS

10. In or around March of 2022, Han approached Panlilio regarding, what Han represented to be, and what Panlilio believed to be, an opportunity to invest in the purported purchase, renovation, and sale of a luxury single-family home located at 35 Princeville Lane, Las Vegas, Nevada 89113 (the "Property"). Han represented to Panlilio that the Property was a "pocket listing," which is an off-market listing, or a property marketed to potential buyers through private channels rather than on the multiple listing service (MLS). In exchange for Panlilio's $250,000 investment into the purchase and renovation of the Property, Han would offer to guarantee a significant return on Panlilio's $250,000.

11. On or about April, 2022, Han and Panlilio entered into an oral agreement where Han agreed to guarantee Panlilio's $250,000 investment and either a return of 5% of the net proceeds of the sale of the Property or a minimum return of 15% ($37,500) on the $250,000 investment (the "Agreement").

12. On April 26, 2022, Han reconfirmed the terms of the Agreement and sent a text message to Panlilio memorializing the terms of the Agreement (the "April 26 Text"). A true and correct copy of the April 26 Text is attached hereto as Exhibit "A."

13. Han informed Panlilio that his lawyer would provide Panlilio with a promissory note detailing all of the agreed-upon terms, evidenced in the April 26 Text.

14. On April 27, 2022, Panlilio wired $250,000 (the "April 27 Wire") to

Han's company, TCY. A true and correct copy of the confirmation of the April 27 Wire is attached hereto as Exhibit "B".

15. On May 24, 2022, in response to inquiries as to the status of the investment and whether the Property had been purchased, Han informed Panlilio via text message (the "Purchase Confirmation") that he had purchased the Property and had begun renovations. A true and correct copy of the Purchase Confirmation is attached hereto as Exhibit "C".

16. On June 30, 2022, Han, in furtherance of his scheme to defraud Panlilio, sent a picture of the Property and informed Panlilio that the Property was, "[a]lmost ready to hit the market" (the "June 30 Text"). A true and correct copy of the June 30 Text is attached hereto as Exhibit "D".

17. On July 13, 2022, Han, in furtherance of his scheme to defraud Panlilio, sent pictures and video of the newly remolded Property. Further, Han relayed to Panlilio he had received a $5,000,000 all-cash offer from multi-platinum singer, songwriter, and actress Toni Braxton (the "July 13 Text") A true and correct copy of the June 13 Text is attached hereto as Exhibit "E".

18. In or around August 2022, Panlilio began questioning Han as to why the Property had not been sold despite the multiple purported offers.

19. On August 17, 2022, only after multiple requests for the promissory note, Han sent an e-mail to Panlilio with the subject heading titled "Promissory Note" (the "Promissory Note e-mail"). The Promissory Note e-mail reiterated the terms of the Agreement and purported investment. The terms included a personal guarantee of the initial $250,000 investment, a personal guarantee of at least a minimum of $37,500 return on top of the initial $250,000 investment, and the Property's location. A true and correct copy of the Promissory Note e-mail is attached hereto as Exhibit "F".

20. From August through November of 2022, Panlilio repeatedly contacted Han requesting updates on the sale of the Property and his expected return on investment. The inquiries were met with further excuses and promises to return

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  Panlilio's $250,000. However, Panlilio's $250,000 was never returned.

2  21. On December 3, 2022, Panlilio learned that the Property was sold for $3,865,000. After learning of the sale of the Property, Panlilio performed a title search/property history report ("Title Search"). Much to his surprise, the Title Search revealed that neither Han nor TCY ever purchased the Property. A true and correct copy of that Title Search is attached hereto as Exhibit "G".

22. Han knowingly made numerous false representations and promises to Panlilio, which Panlilio relied on before deciding to invest in the purported purchase and renovation of the Property.

23. On December 5, 2022, Panlilio, through counsel, sent a written demand letter to Han requesting the return of the initial investment of $250,000.

24. At this juncture, Han has refused to return the funds paid to invest in the purported purchase and renovation of the Property, which has resulted in Panlilio being damaged in excess of Two Hundred and Fifty Thousand Dollars ($250,000) plus attorneys' fees and costs.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
*(As Against All Defendants)*

25. Panlilio repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

26. Panlilio performed all of the terms and conditions of the Agreement required to be performed by tendering Defendants $250,000 via wire transfer on April 27, 2022.

27. Defendants have failed to make the minimum guaranteed payment of $287,500 and have, therefore, not performed under the Agreement.

28. As a result of the breach of the Agreement, Panlilio has been damaged and is entitled to recover from Defendants damages in the principal sum of $287,500 and costs, including attorney's fees.

## SECOND CAUSE OF ACTION

## CONVERSION

*(As Against Defendant Han)*

29. Panlilio repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

30. On April 27, 2022, Panlilio tendered Han via wire transfer $250,000.00 (the "Money").

31. Defendant Han has wrongfully converted the Money of Panlilio for his benefit.

32. Han's conversion of the Money was procured due to Han's intentional, fraudulent, and wrongful misrepresentations and his scheme to defraud Panlilio.

33. But for the misrepresentations by Han, Panlilio would not have tendered the Money for the purported purchase and renovation of the Property.

34. As a direct and proximate cause of such actions, Panlilio has been damaged and continues to be damaged.

35. Han's conduct was malicious, oppressive, and fraudulent, warranting punitive damages.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

*(As Against All Defendants)*

36. Panlilio repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

37. On April 27, 2022, Panlilio tendered Money to Defendants.

38. As alleged *supra,* Defendants have obtained benefits from Panlilio.

39. Defendants appreciated the benefit by accepting Money and retaining it despite never intending to and being unable to fulfill their obligations under the Agreement and Promissory Note.

40. The Defendants' acceptance and retention of the Money from Panlilio are

COMPLAINT AND DEMAND FOR JURY TRIAL

1  inequitable.

2  41. As a direct and proximate result of the conduct described above,
3  Defendants have been unjustly enriched at the expense of Panlilio because Panlilio
4  conferred a benefit as stated above.

5  42. Defendants should be required to refund Panlilio the Money and disgorge
6  all monies, profits, and gains they have obtained at the expense of Panlilio.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
*(As Against All Defendants)*

10  43. Panlilio repeats and re-alleges each of the allegations contained in the
11  preceding paragraphs of this Complaint as if set forth fully herein.

12  44. This is a Count for Negligent Misrepresentation.

13  45. Han made at least negligent misrepresentations to Panlilio by, *inter alia*,
14  making affirmative misrepresentations regarding the investment into the purported
15  purchase and renovations of the Property.

16  46. Panlilio reasonably relied on these falsehoods during numerous
17  representations made by Han and was unaware of their falsity when doing so.

18  47. Panlilio's reliance on Han's representations has damaged and continues to
19  damage Panlilio.

20  48. The acts as herein alleged were committed with fraud, oppression, malice
21  and/or reckless disregard for the rights and well-being of Panlilio such that an award
22  of exemplary and punitive damages should issue and is hereby requested.

## FIFTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION
*(As Against Defendant Han)*

25  44. Panlilio repeats and re-alleges each of the allegations contained in the
26  preceding paragraphs of this Complaint as if set forth fully herein.

27  45. This is a Count for Fraudulent Misrepresentation.

28  46. Han represented that the Property was purchased by Han and TCY and

had received cash offers in excess of $5,000,000.

47. Han represented that Panlilio's $250,000 investment would be guaranteed.

48. Han knew or should have known that he never intended to purchase nor could purchase the Property.

49. At the time Han made the foregoing representations, he knew them to be false or reckless without regard to their truth.

50. Han knew or otherwise reasonably should have foreseen that Panlilio would rely on the aforementioned representations.

51. Panlilio's reliance on such fraudulent representations was reasonable, as any potential investor would consider them important in deciding whether to invest.

52. As a direct, proximate, and substantial result of the representations described above, Panlilio has been damaged and continues to be damaged.

## SIXTH CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT
*(As Against Defendant Han)*

53. Panlilio repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

54. This is a Count for Fraud in the Inducement.

55. Panlilio's assent to the terms of the purported investment was obtained through Han's conscious misrepresentations of numerous material facts above.

56. Han intended to create the perception that he would purchase, renovate, and subsequently sell the Property for a significant profit.

57. This was done to induce Panlilio to tender the Money for Han's personal gain.

58. Such intent can be demonstrated in part by his lack of disclosing the fact that Han nor TCY ever purchased the Property, nor had the intention or capacity to acquire the Property, and the continuous representation that Han and TCY had in fact,

purchased and renovated the Property.

59. Han knew or reasonably should have foreseen that Panlilio would rely on the aforementioned representations.

60. Panlilio's reliance on such fraudulent representations was reasonable, as any potential investor/purchaser would consider them essential in deciding whether to invest in the purported purchase and renovation of the Property.

61. As a direct, proximate, and substantial result of the representations described above, Panlilio has been damaged and continues to be damaged.

62. Panlilio has had to retain the undersigned counsel to represent it in this matter and is obligated to pay a reasonable legal fee for the services being provided on its behalf.

## SEVENTH CAUSE OF ACTION
## FRAUD
*(As Against All Defendants)*

63. Panlilio repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

64. Panlilio alleges that beginning in April of 2022, through the date of this Complaint, Han knowingly made fraudulent misrepresentations or material omissions to Panlilio regarding the $250,000 investment, purchase, and renovation of the Property.

65. Panlilio relied on the statements made by Han regarding the investment.

66. Individually and as the principal of Defendant TCY, Han represented to Panlilio that the Property would be purchased and renovated using the $250,000 investment in part. Han also represented to Panlilio that he had purchased the Property. Further, Han also represented that he had finished renovating the Property and had listed the Property for sale. To put more flesh on the bone, Han represented, that he had received purchase offers in excess of $5,000,000 and went so far as to send Panlilio video and pictures of the Property. All of the above-mentioned

representations were false, and Han knew they were false when he made them.

67. Han, individually and as the principal of Defendant TCY intended that Panlilio rely on his misrepresentations in inducing Panlilio into tendering to Han $250,000.

68. Panlilio reasonably relied on the Defendants' misrepresentations.

69. The fraudulent acts and misrepresentations referenced herein caused Panlilio significant damages in an amount to be determined at trial.

70. The wrongful acts of Han were done maliciously, oppressively, and with the intent to defraud. Plaintiff is therefore entitled to punitive and exemplary damages in an amount to be ascertained according to proof.

## EIGHTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL
*(As Against All Defendants)*

71. Panlilio repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

72. Defendants made unambiguous promises to Panlilio that in exchange for an investment of $250,000, Han would guarantee a minimum return of $287,500.

73. Panlilio reasonably and justifiably relied on said representations and promises and trusted Defendants to fulfill the promises. As such, Panlilio tendered to TCY a sum of $250,000 via wire transfer on April 27, 2022.

74. Defendants' have not performed any of their promises or representations. As a direct and proximate result of Defendants' promises to perform and representations which Defendants made, Plaintiff has sustained special and general damages according to proof.

## NINTH CAUSE OF ACTION
## FOR COMMON COUNTS- MONEY HAD AND RECEIVED
*(As Against All Defendants)*

75. Panlilio repeats and re-alleges each of the allegations contained in the

preceding paragraphs of this Complaint as if set forth fully herein.

76. On April 27, 2022, Defendants became indebted to Plaintiff in an amount of $250,000.00 (plus additional sums according to proof) for money had and received by Defendants for the use and benefit of Plaintiff.

77. No part of this amount has been paid, though demand for payment in full has been made, and there is now due, owing, and unpaid from Defendants to Plaintiff the amount of $250,000 dollars (plus additional sums according to proof), plus prejudgment interest and attorneys' fees according to proof.

**WHEREFORE,** Plaintiff prays judgment against Defendants as follows:

1. **On the First Cause of Action**:
   a. For damages in the principal sum of $287,500;
   b. For costs, including attorneys' fees; and
   c. For such other and further relief as the Court deems just and proper.
2. **On the Second Cause of Action**:
   a. An award of all damages available in law and equity and according to proof at trial; and
   b. For punitive and exemplary damages.
2. **On the Third Cause of Action**:
   a. An award of all damages available in law and equity and according to proof at trial; and
   b. An award requiring Han to disgorge all monies, profits, and gains that he has gained at the expense of Panlilio.
3. **On the Fourth Cause of Action**:
   a. An award of all damages available in law and equity and according to proof at trial.
4. **On the Fifth, Sixth, and Seventh Causes of Action:**
   a. An award of all damages available in law and equity and according to proof at trial; and

   b.   For punitive and exemplary damages.
5. **On the Eighth Cause of Action:**
   a.   For the principal sum of $287,500.
6. **On the Ninth Cause of Action:**
   a.   For the principal sum of $250,000.
9. **On all Causes of Action:**
   a. Interest upon any judgment entered as provided by law;
   b. For reasonable attorney's fees;
   b. For costs of suit herein incurred; and
   c. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

Dated:  January 30, 2023                    **SLACK LAW GROUP APC**

                                            By: /s/ *Shanon J. Slack*
                                            Shanon J. Slack, Esq.
                                            *Counsel for Plaintiff Robert Panlilio*